IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **APRIL REED,**<br><br>    Plaintiff,<br><br>v.<br><br>**MOBILE COUNTY BOARD OF SCHOOL COMMISSIONERS, CHRISTI BROWN, and CHRESAL THREADGILL,**<br><br>    Defendants. | CASE ACTION **21-cv-528** |

## COMPLAINT

  Comes now the Plaintiff April Reed, and files this Complaint of discrimination and retaliation against the Defendants as follows:

### INTRODUCTORY AND JURISDICTIONAL STATEMENT

  This is action seeks principally declaratory and injunctive relief, back pay, compensatory damages, and other relief to redress discrimination in employment.

  1. The Plaintiff institutes this action pursuant to Title VI and Title VII of the Civil Rights Act of 1964, as amended, against her former employer, the Mobile County Board of School Commissioners "the Board", to obtain equitable relief, and 42 U.S.C. Section 1981, also as amended by the Civil Rights Act of 1991, and made actionable by 42 U.S.C. Section 1983, against both individual defendants for their actions against plaintiff under color of law.

  2. This Court has federal-question jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343. In addition, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. Pursuant to 28 U.S.C. Section 1391(b), venue

is proper in the United States District Court for the Southern District of Alabama, Southern Division, wherein the Plaintiff resides and where all adverse actions against the Plaintiff occurred.

3. Plaintiff Reed filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), and has now received her Notice of Rights. She now files this action within Ninety days of the receipt of her notice of right to sue, and has therefore, exhausted her administrative remedies. (Exhibit A).

## II. PARTIES

4. The Plaintiff, (hereinafter "Plaintiff" or "Ms. Reed"), is an African-American citizen of the United States and a resident of Mobile County, Alabama. At all times relevant to this case Ms. Reed was employed by the Board as a 10th and 11th grade counselor at Blount High School.

5. The Defendant, Mobile County Board of School Commissioners is the governing body of the Mobile County School System, a public school district located in Mobile County, Alabama.

6. Defendant Christi Brown was the principal at Old Shell Road Elementary School at the time Ms. Reed's minor son attended the first grade at that school.

7. Defendant Chresal Threadgill is the Superintendent of the Defendant Board, and is the official charged with the responsibility for making hiring, promotional, transfer, and termination recommendations to the Board for action. References herein to "the Board" applies collectively to all defendants unless otherwise stated.

### III.  STATEMENT OF FACTS

8. At all times relevant to this complaint Ms. Reed was a certified school counselor and employed as such at Mattie T. Blount High School.

9. In August 2018, Ms. Reed's minor son was a first grade student at Old Shell Road Elementary School.

10. On March 8, 2018, Ms. Reed became aware that her son was being accused of cheating on tests. Ms. Reed's son then expressed to her his anxiety around having to take tests and reported to Ms. Reed that his teacher frequently questioned him whether had a seen a copy of a certain standardized test prior to test administration.

11. Concerned that her young child had now been diagnosed as having an anxiety disorder as a result of constant harassment by his teacher regarding his test performance, Ms. Reed requested a meeting with several Mobile County Public School System officials including Old Shell Road Elementary School Principal Christi Brown.

12. After multiple face-to-face and email requests for a meeting regarding the harassment her child had suffered while at school, Ms. Reed's request for such meeting was granted and a meeting scheduled for March 13, 2018.

13. The March 13 meeting was canceled, however, after Principal Brown refused to attend the scheduled meeting. Defendant Brown's stated reason for cancelling the meeting was that she feared some sort of bodily harm from Ms. Reed.

14. On April 8, 2018, fearing that the harassment her child had suffered in his very classroom and his resulting medical condition were being ignored, Ms. Reed filed a complaint with the U.S. Department of Education's Office of Civil Rights. On April 22, Ms. Reed secured

the support of a local non-profit employee rights advocacy group to help end the harassment her son had endured.

15. On May 22, 2019, in response to her complaint to the U.S. Department of Education, defendant Threadgill retaliated against Ms. Reed by ordering Ms. Reed's transfer from her role as high school counselor at Blount High Scholl to a nine-month contract teaching position at another of defendant's schools, effective August 1, 2019.

16. On August 8, 2019, the defendant Board held a hearing at Ms. Reed's request at which she contested her transfer as an unwarranted demotion order in retaliation for Ms. Reed's exercise of her rights. The defendant Board upheld the transfer.

17. Based on the foregoing, Ms. Reed avers that she was demoted from the high school counselor position she held for five years to a non-tenured, contract teacher position in retaliation for her complaints of illegal race discrimination, in violation of Title VII, 42 U.S.C. § 2000(e).

18. As a result of the retaliation to which she was subjected, Ms. Reed has lost income and benefits and suffered mental and emotional distress. Ms. Reed has also incurred costs and fees.

19. The principal at Old Shell Road had never treated a white child in the same fashion as plaintiff's minor son was treated. Nor has Ms. Brown treated a white parent in the manner in which plaintiff was treated.

20. Rather than contacting plaintiff as a parent, regarding any concerns the principal had regarding plaintiff's son, Ms. Brown contacted the defendant Board's Human Resource office, thus transforming what amounted to as a parent/teacher matter into an employee/employer disciplinary matter without any factual basis for such action.

### IV. PLAINTIFF'S CAUSES OF ACTION

### COUNT ONE – TITLE VII - RACE DISCRIMINATION - BOARD

21.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20 above, the same as if more fully set forth herein, and further avers that the Defendant Board's actions toward her violated her right to be free of racial discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

### COUNT TWO – TITLE VII – RETALIATION - BOARD

22.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20 above, the same as if more fully set forth herein, and further avers that the Defendant Board's actions toward her violated her right to be free of retaliation due to protected activity, in violation of Title VII, as amended by the 1991 Civil Rights Act.

### COUNT THREE – § 1981 RACE DISCRIMINATION - BOARD

23.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20 above, as if more fully set forth herein, and further avers that the Defendant Board's actions toward her violated her right to be free of racial discrimination in employment, in violation of  42 U.S.C. § 1981as amended by the Civil Rights Act of 1991, made actionable by 42 U.S.C. § 1983.

### COUNT FOUR – § 1981 RETALIATION - BOARD

24.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20 above, as if more fully set forth herein, and further avers that the Defendant Board's actions toward her violated her right to be free of retaliation in employment, in violation of 42 U.S.C. § 1981as amended by the Civil Rights Act of 1991, made actionable by 42 U.S.C. § 1983.

### COUNT THREE – SECTION 1981 RETALIATION - THREADGILL

25.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20 above, as if more fully set forth herein, and further avers that the Defendant Chresal Threadgill's

actions toward her violated her right to be free of retaliation in employment, in violation of 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991, made actionable by 42 U.S.C. § 1983.

**COUNT FOUR – Title VI and SECTION 1981 RACE DISCRIMINATION – BROWN**

25. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20 above, as if more fully set forth herein, and further avers that the Defendant Brown's actions toward her and her minor child, while acting under color of law, violated her right to be free of racial discrimination, in violation of 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991, made actionable by 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, as Amended.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Rix respectfully prays that this Court grant the following relief:

a) A declaration that the Defendants discriminated against Plaintiff on the basis of Plaintiff's race;

b) A declaration that the Defendants retaliated against Plaintiff due to her protected activity;

c) An order granting Plaintiff all back pay she was discriminatorily denied;

d) An award of compensatory damages humiliation, embarrassment and other mental anguish suffered due to Defendants' unlawful actions;

e) An award of all court costs and fees, including those incurred for seeking administrative relief; and such further, other and different relief as the Court may deem appropriate and necessary.

**TRIAL BY JURY REQUESTED**.          Respectfully Submitted,

*/s/ Ronnie L. Williams* (WILLR6024)
Williams & Associates, LLC
814 St. Francis Street
Mobile, Alabama 36602
(251) 432-6985 (Tel.)
(251) 432-6987 (Fax)
rwilliams@williams-llc.com